STATE, INHABITANTS OF THE TOWNSHIP OF OXFORD, IN THE COUNTY OF WARREN, PROSECUTORS, v. JAMES BRANDS ET AL.

1. It is not necessary that a certified list of the qualified surveyors of the highways should be laid before the Court of Common Pleas at the time of the appointment of surveyors to lay out a road in a county.

2. The court, on an application for the appointment of surveyors to lay out, &c., a road, is required to exercise a discretion in respect to the appointment of the surveyors of the townships in which the road is applied for to be laid out, &c., which discretion will not be reviewed; the court is not obliged to announce to counsel attending at the appointment the reasons for rejecting any surveyor.

3. That the surveyors were ordered to meet, and do meet, at the house of one of the applicants for the road, will not invalidate their acts, in the absence of proof of undue influence or improper conduct.

Inhabitants of Oxford v. Brands.

4. If the beginning and ending points of the proposed road are described with such particularity as to enable them to be readily found, it is not necessary to state in what township they are located; nor is it necessary to state in the return where the road laid out crosses the township line.

5. There is no material variance between the application and return, if the former designates the lands of A and B, who are tenants in common, as the lands of A, over which the road is proposed to run, and the latter lays out the road over lands of both, and awards damages to both; nor if the application designates lands belonging to the heirs of T. C. as lands of R. C. and the heirs of T. C., and the return lays out the road over lands of the heirs of T. C. and awards damages accordingly, when, in fact, R. C. was at the time in occupation of the land.

6. When the return directs the different amounts awarded for damages to the land-owners to be paid by respective townships through which the road runs, it is not necessary that the aggregate sum to be paid by each township should be stated.

7. In localities where the act of March 23d, 1859, (*Rev., p.* 1014,) is not in force, there is no requirement to serve a copy of the assessment of damages on any township officer; where that act is in force the requirement of such service is merely directory, and a failure to serve will not invalidate the proceedings.

8. This court will not examine into or decide upon the correctness of adjudications not objectionable for want of jurisdiction brought before it only as evidence and not for review, even though, if such adjudications are incorrect, the matter under review will be affected thereby.

This writ and another, allowed on the prosecution of Amos W. Cramer and others, call for and bring up the application of James Brands and others for the appointment of surveyors of the highways to lay out a public road in the townships of Knowlton and Oxford, in the county of Warren; the appointment of surveyors thereon made by the Court of Common Pleas of that county; the return made by the surveyors and the order of the court directing such return to be recorded.

Argued at February Term, 1883, before Justices DIXON and MAGIE.

For the prosecutors, *N. Harris* and *L. D. Taylor*.

For the defendants, *Geo. A. Angle*.

The opinion of the court was delivered by

. MAGIE, J.   Twenty reasons for reversing and setting aside the proceedings brought up by these writs have been filed by prosecutors.   Some of them were abandoned at the argument; the remainder were pressed and will be considered and disposed of in their order.

1. The first objection on which stress was laid is set out in the third reason, which declares that no duly certified list of the surveyors of the highways of the county was laid before the court at the time the appointment in this case was made.

In support of this objection, the case of *Road in Sussex and Morris,* 1 *Green* 157, is cited.   But that case is inapplicable.   It was an application to this court for the appointment of surveyors to lay out a road in two counties.   The proper practice in such case was said to be to lay before the court certified lists of the surveyors of the counties in which the road was proposed.   But it is evident that this practice was for the convenience of the court.   In the county court such a list is unnecessary.   The officers in question are within the knowledge of the court, or their names may be readily and conveniently ascertained.   And no such list is required by the statute.

The admission in this case that a full list of all the qualified surveyors of the county was, in fact, laid before the court at the time of the appointment, would deprive this objection of all force, even under the practice prescribed in this court.

2. The next objection is presented by the fifth reason, which declares that the Court of Common Pleas refused to appoint the surveyors of the highways of the two townships through which the road was applied for to be laid out, and that such refusal was made without assigning any reason therefor.

The order of appointment shows that the court had regard to the appointment of the surveyors of the townships in question, and that one of said surveyors was appointed.   A complete performance of the duty imposed on the court in that regard is thus shown.   That duty involves the exercise of a

discretion which will not be here reviewed. *Parsell* v. *State,* 1 *Vroom* 530. Even the grounds of the exclusion of a surveyor are not to be inquired into, unless, possibly, after the court has been asked to certify the facts. *Ib.* No rule for such certificate was taken in this case.

The testimony taken by prosecutors to show that the court was asked to appoint all the surveyors of the two townships, but only appointed one, and gave no reason for rejecting the others, was therefore inadmissible. But if admitted, it discloses nothing erroneous in the action of the court. The judges were bound to use a discretion in the appointment, and were not bound to make known to counsel the reasons for rejecting certain surveyors.

It is not improper to mention here that the first section of the Road act, as printed in the present *Revision, p.* 991, omits the sentence requiring the court to have regard to the appointment of the surveyors of the township through which the road is applied for to be laid, &c. The omission is an error, as will be seen by comparing it with the section as printed in the *Rev. Stat. of* 1874, *p.* 718.

3. A further objection is made under the sixth and seventh reasons. These relate to the fact that the order of appointment directed the surveyors to meet at the house of one of the applicants, and that they did meet there. There is nothing in the case to show that there was any undue influence exerted on the surveyors, or any improper conduct on their part. Such a meeting is necessary only to bring the surveyors together for the performance of their duty. We are to assume that the place appointed was a convenient one. There is nothing to show that there was any other place as convenient. The mere fact of meeting at such a place does not justify any presumption that the surveyors' judgment was unduly influenced. In the absence of proof of that result, I find nothing in this objection to invalidate the acts of the surveyors. Even when refreshments have been furnished the surveyors by an interested party, it has been held that without some proof that the surveyors were influenced thereby,

that fact alone will not invalidate their return. *State, Hubbard, pros.,* v. *Reckless,* 9 *Vroom* 393.

4. The next objection is covered by the eighth reason, which is that neither the application nor return states the beginning and ending points of the road with sufficient certainty, and that the return does not show where the road, as laid out, crosses the division line between the two townships.

The lack of certainty in description was put on the argument on the single ground that there is a failure to state the township in which each point is located. The location of each point is, however, fixed with great particularity of description, so that there can obviously be no difficulty in finding them. In such case, it has been adjudged that it is not necessary to state in what township the points are. *State* v. *Cake,* 4 *Zab.* 516. The same case determines that it is unnecessary that the return should show where the road crosses the township line. I can discover no reason why the authority of that case which, though doubted on some points, has never been questioned on these, should not be followed.

5. The next objection is under the ninth reason, which is intended to set up that while the application, appointment and notice of meeting of surveyors declared that the road was to run (among others) over lands of Philip Lyon, the road was, in fact, laid out over lands of Garret Bogart and Philip Lyon.

Counsel have agreed that the lands so taken "are held by Philip Lyon and Garret Bogart as tenants in common." It does not appear, however, when they became such. For aught that appears, Bogart may have acquired his interest after the application was made, in which case the objection is obviously of no force. But if the fact was otherwise, the return is not affected thereby. The plain object in stating in the application the owners of the lands over which the road is proposed, is merely to give a general description of its direction between the two fixed points of beginning and ending. For that purpose, it is sufficient to describe the lands with reasonable certainty. To describe them as the lands of one of two joint owners would sufficiently designate them, unless he

were also the several owner of lands so situate as to render the description confusing or uncertain. Then, possibly, another question might arise. But nothing of that sort appears here, and it is for the objector to show affirmatively a variance and that it is material. *State* v. *Van Buskirk*, 1 *Zab.* 86 ; *State* v. *Smith*, 1 *Zab.* 91.

6. A further objection is made under the tenth reason, based on the conceded fact that the map of the road was made and annexed to the return after the latter was signed by the surveyors, who did not, in fact, see the map before filing.

A precisely similar objection was overruled in *State* v. *English*, 2 *Zab.* 291, and the judgment in that case was affirmed in the Court of Errors. *S. C.*, 2 *Zab.* 713.

7. The next objection is covered by the eleventh and twelfth reasons, which claim the return to be erroneous in laying out the road over lands of " the heirs of Thomas Craig, deceased," and in awarding damages therefor to " the heirs of Thomas Craig, deceased."

In this respect the return must be held to be incorrect. *State, Charlier, pros.*, v. *Woodruff*, 7 *Vroom* 204; *Washington* v. *Fisher*, 14 *Vroom* 377 ; *State* v. *Blauvelt*, 4 *Vroom* 36 ; *State* v. *Oliver*, 4 *Zab.* 129.

But this error does not necessarily invalidate the whole proceedings. It has been held that power is now given for the amendment and correction of such errors. *Field* v. *Field*, 9 *Vroom* 290; *Kearsley* v. *Gibbs*, 15 *Vroom* 169. But the necessary proceedings for that purpose must be taken in the Common Pleas. *Washington* v. *Fisher*, *supra*. When such an amendable error appears, a practice has obtained of remitting the record to the court below to enable proper amendments to be made. *Crater* v. *Fritts*, 15 *Vroom* 374 ; *Kearsley* v. *Gibbs*, *supra* ; *Washington* v. *Fisher*, *supra*. This practice ought to be followed in this case.

8. It is further claimed under the eighth reason that there is a variance between the application and return, in that the former declares that the road proposed was to run over land of Robert Craig and the heirs of Thomas Craig, deceased, while

the return lays out the road over land of the heirs of Thomas Craig, deceased.

Upon the evidence, it is obvious there is no variance. The land described in the application is shown to be the same as that over which the road was laid. It appears also that Robert Craig had married the widow of Thomas Craig, and was in actual occupation of the land of the heirs of the latter. The description in the application was therefore not objectionable.

9. A further objection is made under the sixteenth reason, respecting the mode in which damages for lands taken for the road were assessed and directed to be paid.

It is first said that the surveyors failed to specify the amount of damages in the aggregate which each of the two townships was to pay. An examination of the return shows that the damages awarded to one land-owner are directed to be paid by a certain township; those awarded to another land-owner, by the other township, and so on throughout the list of land-owners not applicants. The aggregation of the amounts so imposed on each township is mere matter of addition and need not be included in the return, which thus sufficiently designates the proportion to be paid by each township.

It is further urged that no copy of the assessment of damages was served on the clerk of either township, and no notice of such assessment was given to the township officers.

Such service was required under the plan of assessment of damages in laying out roads, contained in the act of March 23d, 1859. *Rev.*, *p.* 1014, § 116. The fifteenth and nineteenth sections of that act, which fix the mode of imposing the assessment of damages awarded to a land-owner, have been held to be repealed and superseded by the provisions of the act of March 27th, 1874. *Rev.*, *p.* 990; *Field* v. *Field*, 9 *Vroom* 293. How far the remaining sections on the same subject continue in force has never been considered.

But the act of March 23d, 1859, was not general. By the terms of the proviso to section 22, the county of Warren was excepted from its operation. In 1875, an act was passed striking the word " Warren " out of the proviso. *Pamph. L.,*

*p.* 409. But this act was itself repealed in 1880. *Pamph. L., p.* 57. If the last-named act is not objectionable as being a local act respecting roads, (*Tiger* v. *Morris,* 13 *Vroom* 631,) its effect was to leave the act of 1859 inoperative in Warren county at the time these proceedings were commenced. The law then in force on the subject was that contained in sections 13–23 of the General Road act, (*Rev., p.* 998,) which do not require the service of a copy of the assessment of the township officers. But if the provisions of the law of 1859 on this subject were operative in this case, no different result could be reached. The legislation requiring service of the assessment of damages is merely directory. The failure to do the act required would not invalidate the assessment.

10. The last objection pressed is covered by the eighteenth and nineteenth reasons. These relate to an alleged error in the Court of Common Pleas in setting aside returns made by chosen freeholders appointed to view and certify respecting this road, on a caveat filed in this matter.

Annexed to the return to the writs in this case is a caveat against recording the surveyors' return, an application for and appointment of six chosen freeholders to review the road, their return, a rule to show cause why the return should not be set aside, and a rule of the Common Pleas setting the return aside, another application for and appointment of six chosen freeholders for the same purpose, their return and a rule of the Common Pleas setting the last-mentioned return aside.

It is insisted that the court erred in setting aside these returns, and that, therefore, the order to record the surveyors' return was improperly entered. But the writs in this case do not bring up for review any of the proceedings respecting the appointment of chosen freeholders or their returns, or the action of the court thereon. They call alone for the proceedings respecting the surveyors' appointment and return. How the other proceedings come to be returned with the writs is not explained. Those proceedings appear, however, to be offered in evidence, and in that mode are before us. But we

are not thereby justified in examining or reviewing the adjudications so shown. They are not before us for that purpose, and they cannot be questioned collaterally. If we should review them, the conclusions we might reach could not be enforced by any judgment. The objection founded on the alleged error of these proceedings cannot therefore be entertained or considered. There can be no doubt that the proceedings were within the jurisdiction of the court, and they must stand until set aside in a direct proceeding for that purpose. *Stothoff* v. *Dunham*, 4 *Harr.* 181; *Munday* v. *Vail*, 5 *Vroom* 418.

The result is that a single error is found in these proceedings, and that is the error in condemning the land of, and awarding damages to, the heirs of Thomas Craig, deceased. To the end that this error may be corrected, the order directing the surveyors' return to be recorded must be set aside and the proceedings remitted to the Court of Common Pleas of Warren county, that the error may be corrected.

The prosecutors are entitled to costs.